Louis H. Parrot *vs.* G. H. Mansfield & Co., Inc.

Suffolk.    November 9, 1928. — January 31, 1929.

Present: Rugg, C.J., Crosby, Pierce, Carroll, Wait, & Sanderson, JJ.

*Contract*, Validity. *Broker*, Insurance. *Insurance*, Broker. *Pleading, Civil*, Answer. *Waiver*.

A transaction, whereby an insurance broker released a corporation from its obligation under a contract to pay him a commission on all sales of its preferred stock made before a date then in the future in consideration of the corporation's agreeing to take out a certain policy of insurance upon the life of its president by reason of which the broker would receive a commission from the insurance company, where the

policy contained no reference to such transaction, was in violation of the provisions of G. L. c. 175, §§ 182, 183, as amended by St. 1925, c. 346, §§ 5, 6, respectively.

The transaction above described resulted from a request by the president of the corporation and its agreement was made by him in its behalf and by its authority. After the plaintiff had executed the release, the president signed and applied for the policy, was examined and accepted as a risk by the insurance company, a policy was issued on his life payable to his estate and by him was assigned to the corporation. Upon the broker's tendering the policy to the corporation, it refused to accept it. The broker then brought an action of contract against the corporation in a municipal court, in his declaration not mentioning the release, but merely alleging that the defendant "for a good and sufficient consideration" agreed to take a life insurance policy upon the life of its president, that the plaintiff made the arrangements, the policy was issued, and that the defendant refused to accept it, whereby the plaintiff lost his commission. The defendant's answer was merely a general denial. No question of pleading was raised at the trial and the defendant relied on a violation of G. L. c. 175, §§ 182, 183, as amended by St. 1925, c. 346, §§ 5, 6. There was a finding for the plaintiff, a dismissal by an appellate division of a report by the trial judge and an appeal by the defendant. *Held,* that

(1) It was too late to raise in this court the lack in the answer of an averment of illegality of the contract;

(2) The violation of the statute prevented recovery by the plaintiff, and judgment was ordered for the defendant.

CONTRACT. Writ in the Municipal Court of the City of Boston dated October 27, 1927.

The plaintiff in the declaration alleged "that for good and sufficient consideration the defendant promised and agreed to take a life insurance policy upon the life of Frank W. Mansfield, president of the defendant company, for the benefit of the said company, in the amount of fifty thousand dollars in the Sun Life Insurance Company of Montreal, and that the plaintiff made arrangements for a physical examination of the said Frank W. Mansfield, and the examination was had, and the said Mansfield passed and was accepted by the said insurance company, and that the plaintiff notified the defendant that the insurance was ready, and the defendant refused and still refuses to take the insurance policy, and that thereby the plaintiff has lost the commission on the first payment amounting to $1,740.75. Wherefore the plaintiff says that the defendant owes him the sum of $1,740.75."

Material facts appearing at the hearing in the Municipal Court and rulings by the trial judge are stated in the opinion. The judge found for the plaintiff in the sum of $740 and reported the case to the Appellate Division. The report was ordered dismissed. The defendant appealed.

G. L. c. 175, §§ 182, 183, as amended by St. 1925, c. 346, §§ 5, 6, respectively, read as follows:

"Section 182. No company, no officer or agent thereof and no insurance broker shall pay or allow, or offer to pay or allow, in connection with placing or negotiating any policy of insurance or any annuity or pure endowment contract or the continuance or renewal thereof, any valuable consideration or inducement not specified in the policy or contract, or any special favor or advantage in the dividends or other benefits to accrue thereon; or shall give, sell or purchase, or offer to give, sell or purchase, anything of value whatsoever not specified in the policy; or shall give, sell, negotiate, deliver, issue, or authorize to issue or offer to give, sell, negotiate, deliver, issue, or authorize to issue any policy of workmen's compensation insurance, or any motor vehicle liability bond or any motor vehicle liability policy, both as defined in section thirty-four A of chapter ninety, at a rate less than that approved by the commissioner. No such company, officer, agent or broker shall at any time pay or allow, or offer to pay or allow, any rebate of any premium paid or payable on any policy of insurance or any annuity or pure endowment contract.

"Section 183. No person shall receive or accept from any company or officer or agent thereof, or any insurance broker, or any other person, any such rebate of premium paid or payable on the policy or contract, or any special favor or advantage in the dividends or other benefits to accrue thereon, or any valuable consideration or inducement not specified in the policy or contract or any policy of workmen's compensation insurance, or any motor vehicle liability bond or any motor vehicle liability policy, both as defined in section thirty-four A of chapter ninety, at a rate less than that approved by the commissioner. No person shall be excused from testifying, or from produc-

ing any books, papers, contracts, agreements or documents at the trial of any other person charged with violating any provision of this and the preceding section, on the ground that such testimony or evidence may tend to incriminate himself; but no person shall be prosecuted for any act concerning which he shall be compelled so to testify or produce evidence, documentary or otherwise, except for perjury committed in so testifying."

The case was argued at the bar in November, 1928, before *Rugg*, C.J., *Crosby, Carroll, Wait, & Sanderson*, JJ., and afterwards was submitted on briefs to *Pierce*, J.

*G. W. Grover*, for the defendant.

*J. J. Donahue*, for the plaintiff.

CARROLL, J.   The plaintiff agreed with the defendant to sell for it five hundred shares of the preferred stock of the defendant corporation for $100 a share.   He was to receive therefor a commission of ten per cent on all shares sold before July 1, 1927.   On May 19, 1927, the president of the defendant company, Frank W. Mansfield, asked the plaintiff to release the defendant from the contract and told him if he would do this "the defendant would take fifty thousand ($50,000) dollars life insurance upon the life of the president of the defendant company for the benefit of the said company."   Thereupon the plaintiff executed a release of the contract to sell the stock, and on the same day the president of the defendant company, through the plaintiff, who was an insurance broker, applied for $50,000 life insurance in the Sun Life Assurance Company, Ltd., of Montreal, signed the application, and was examined and accepted.   The policy was issued on the life of Mansfield payable to his estate, and by him assigned to the defendant.   The plaintiff tendered the policy to the defendant and the company refused to accept it.   The authority of Mansfield to act for the defendant in the transaction was admitted.   There was no reference in the policy to the release of the defendant, by the plaintiff, of the contract to sell the stock.   The action is in contract to recover the commission the plaintiff would have received as an insurance broker if the defendant had accepted the policy.   The answer is a general denial.   The judge of the

Municipal Court of the City of Boston found for the plaintiff. In the Appellate Division the report was dismissed; the defendant appealed.

The questions involved arise from the refusal of the judge to grant the second and fourth requests of the defendant. The second request was, "unless expressed in an insurance policy, no consideration given by the defendant to the plaintiff, an insurance broker, can support any agreement by the defendant to take out an insurance policy." The fourth request was, "the plaintiff, being at the time of the transaction, alleged in his declaration, an insurance broker, the defendant is entitled to have judgment entered in its favor."

The defendant contends that the transaction was in violation of G. L. c. 175, §§ 182, 183, as amended by St. 1925, c. 346, §§ 5, 6, respectively. So far as material to the issue involved these sections provide, in effect, that no insurance broker "shall pay or allow, or offer to pay or allow, in connection with placing or negotiating any policy of insurance . . . any valuable consideration or inducement not specified in the policy . . . or any special favor or advantage in the dividends or other benefits to accrue thereon; or shall give, sell or purchase, or offer to give, sell or purchase, anything of value whatsoever not specified in the policy . . . . No . . . broker shall at any time pay or allow, or offer to pay or allow, any rebate of any premium"; and under section six of the statute, "No person shall receive or accept from . . . any insurance broker" any rebate of premium or any special favor or advantage in the dividends "or other benefits to accrue thereon, or any valuable consideration or inducement not specified in the policy."

The fourth request could not have been given: the mere fact that the plaintiff was an insurance broker did not prevent his recovery.

The second request, in our opinion, was intended to raise the question of the illegality of the contract and did in fact present this question. The plaintiff had a contract with the defendant to sell its stock. He was to be paid a commission of ten per cent on all shares sold by him before July 1, 1927. While this contract was in existence, he agreed with Mansfield

to release the defendant from all liability thereon if Mansfield took out insurance on his life through the plaintiff in the sum of $50,000 for the company's benefit. The release by the plaintiff of the defendant's obligation to pay him for selling its stock was the entire consideration for the agreement by Mansfield to take the policy of insurance. The two transactions were not separate and distinct, they were bound together. The fact that the plaintiff released the defendant from the stock contract before the policy was issued is not important. The two agreements were cotemporaneous; one was the consideration of the other. Such a transaction in the opinion of the majority of the court is contrary to the statute. It is, in effect, a payment or allowance by the broker in negotiating a policy of insurance of a consideration or inducement "not specified in the policy." This was the thing prohibited by the statute. The agreement was to result in a "valuable consideration or inducement not specified in the policy." It was for the defendant's benefit and was an evil the statute was intended to remedy. By being relieved of the obligation to pay the plaintiff a commission under the stock contract the defendant received a benefit and advantage over other applicants for insurance. It was a discrimination in its favor and violated the purpose and intent of the statute.

The defendant's answer was a general denial. The illegality of the contract was not alleged but no question of pleading appears to have been presented. The evidence showing the whole transaction was not objected to, and it is too late when the case is before this court to raise this question of pleading.

The order of the Appellate Division is to be reversed, and judgment entered for the defendant.

*So ordered.*