NEW HAVEN ROAD CONSTRUCTION COMPANY *vs.* WILLIAM H. LONG & others.

Franklin.   September 18, 1929. — October 3, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Contract*, Validity. *Way*, Public.

It is against public policy to permit one, who is constructing a State highway under a contract with the Commonwealth which requires him to keep the road "closed to through traffic" but "open for local traffic," to enforce against one constructing a State highway in Vermont an agreement in writing which required the Vermont contractor to pay the Massachusetts contractor at a tonnage rate for the privilege of hauling stone over that portion of the Massachusetts highway under the control of the Massachusetts contractor.

Provisions of the same contract requiring payment by the Vermont contractor to the Massachusetts contractor for damage done to the Massachusetts State highway, while it was being constructed, through such use by the Vermont contractor also were against public policy and were unenforceable.

CONTRACT upon a contract in writing described in the opinion. Writ dated June 1, 1927.

In the Superior Court, the action was tried before *Callahan*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendants. The plaintiff alleged exceptions.

The case was submitted on briefs.

*A. S. McLaud & R. H. P. Jacobus*, for the plaintiff.

*F. J. Lawler*, for the defendants.

SANDERSON, J. This is an action of contract brought against the members of a copartnership on a written agreement. The plaintiff had a contract for the construction for the Commonwealth of Massachusetts of a State high-

way about four and one half miles in length between Bernardston, in the county of Franklin, and the Vermont State line. The defendants were constructing a State highway in the State of Vermont, and would be obliged to resort to inconvenient detours in hauling stone unless they could use for that purpose the part of the Massachusetts highway which the plaintiff was constructing. The plaintiff agreed to permit the defendants to haul twenty-five tons of stone a day over that part of the Massachusetts highway, and the defendants agreed to pay the plaintiff fifteen cents per ton for the privilege and also to pay for any damage to the highway thereby caused. There was evidence that the defendants paid one bill for damage to the road amounting to $65, that the plaintiff notified the defendants of other damage amounting to $21 caused by them, that they did not deny liability but never paid for this damage, and that the defendants paid no money for the privilege of hauling the stone. The total number of tons conveyed over the highway was four thousand, two hundred and thirty-one.

By statute the division of highways of the department of public works is given authority to make contracts for grading or.constructing a State highway. G. L. c. 81, §§ 1, 4, 5, 8. The plaintiff's special rights in the highway in question are embodied in its contract with the Commonwealth of Massachusetts which contains these provisions: "Public Safety and Protection of Work. The contractor shall take all responsibility for the work, and shall take all precaution for preventing injuries to persons and property in or about the work. The contractor shall at his own expense provide, place and erect all necessary barricades and warning signs, and furnish and keep lighted all lanterns necessary to protect the work from traffic, pedestrians and animals. The contractor shall also furnish at his own expense a sufficient number of watchmen at all times to protect the work." "The road will be closed to through traffic, but shall be kept open for local traffic and shall be built one-half width at a time except on relocated portions. The contractor shall so carry on the work that travel to

and from abutting property will not be obstructed." By agreeing to permit the defendants to haul stones over a section of a highway into Vermont it violated the express term of its contract requiring that the road be closed to through traffic, and exceeded its authority. It was said in the *Opinion of the Justices,* 250 Mass. 591, 596, "the free use of all highways has been provided at the expense of the public treasury for many years in this Commonwealth." Upon the facts it would be against public policy to permit the plaintiff to collect money from the defendants for their use of the highway as travellers. In *Reed* v. *Seattle,* 124 Wash. 185, 190, the court said: "The city may not devote it [the highway] to uses different from that for which it was acquired, much less can it lawfully sublet portions of it to the private use of another."

The plaintiff contends that, even if the part of the contract relating to a payment for the use of the highway is void, the remaining part relating to the payment for damage done by the defendants in going over the way should be upheld. The record is somewhat vague in its statement of such damage, but, if it be assumed that there is evidence that such damage has been caused for which payment has not been made, the plaintiff cannot recover such damage under the contract. The damage was caused by a permissive use of the highway which the plaintiff was not authorized to grant.

There was evidence that the hauling of the stone delayed the work, and this result might be assumed as almost inevitable without evidence, notwithstanding testimony to the contrary, especially when it appeared that damage to the part of the road under construction had been caused and paid for. It is not in the public interest that public works should be delayed.

For reasons which have sufficiently appeared, no part of the contract is enforceable, and the order directing a verdict for the defendants was right.

The plaintiff's exceptions to evidence not having been argued by it are treated as waived.

*Exceptions overruled.*