ALBERTINE FOUQUETTE, administratrix, *vs.* JOSEPH L.
MILLETTE.

Bristol.    October 27, 1941. — November 26, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Equity Jurisdiction*, Plaintiff's clean hands.  *Motor Vehicle*, Registration.
*Contract*, Validity.

A contract which provides for performance in an unlawful manner can-
not support a proceeding for its breach.

An arrangement whereby the plaintiff, the owner of a motor truck, trans-
ferred its registration to an employee of the defendant as a means of
securing work for the truck, it being understood that title thereto
did not pass and that it should be returned to the plaintiff when the
work was finished, contemplated an illegal registration of the truck
which prevented the plaintiff from maintaining a suit in equity to
compel its redelivery and for an accounting of profits earned by its
use.

BILL IN EQUITY, filed in the Superior Court on May 1,
1939, with a writ of summons and attachment dated April
3, 1939.

The defendant appealed from a final decree entered by
order of *Hurley*, J.

*E. A. Hathaway*, for the defendant.

*H. A. Lider*, for the plaintiff.

RONAN, J.    This is a bill in equity to require the de-
livery of two trucks to the plaintiff, and to secure an ac-
counting from the defendant for profits earned by the use
of said trucks.   The report of the master was confirmed in
the Superior Court and the defendant appealed from a final
decree granting the plaintiff relief.

The only question we have to decide is whether upon the
findings of the master the plaintiff is barred from relief on
the ground that the transaction upon which the bill is based
was tainted with illegality.

We summarize the material findings of the master.   The
plaintiff's intestate, one Fouquette, had been engaged for

many years in the trucking business in New Bedford, but in the spring of 1937 he was experiencing difficulty in securing work for his trucks. He had known the defendant for twenty-five years. He, too, among other activities, was engaged in the trucking business. The defendant, on account of his friendship with the mayor of that city, was able to and did obtain work for several of his trucks, some of which were registered in the names of other persons. In accordance with an arrangement made with the defendant, Fouquette transferred the registration of one of his trucks on April 26, 1937, and a second on January 1, 1938, into the name of one Grenier, a trusted employee of the defendant, solely for the purpose of securing work from the city, and with the understanding with the defendant that the trucks were to remain the property of Fouquette and that they were to be returned to him when they were no longer employed in the city work, or when the then mayor failed of reëlection. Fouquette did not intend to pass title to the trucks and knew that they were illegally registered in the name of Grenier. After the trucks were registered in Grenier's name, the defendant succeeded in having them employed in city work. In the fall of 1938 Fouquette, the defendant and Grenier were summoned to appear before a grand jury. In accordance with an agreement among them, they told an assistant district attorney that the trucks belonged to the defendant and were registered in the name of Grenier. Both the defendant and Grenier were indicted for a conspiracy to violate G. L. (Ter. Ed.) c. 90. After the session of the grand jury, the registration of the trucks was transferred from Grenier to the defendant. While one of the trucks was registered in the name of Grenier it was involved in two accidents, but the insurance company refused to acknowledge liability on the ground that the truck was illegally registered. Both claims were settled by the defendant. The master found that Fouquette was the owner of the trucks and that they were illegally registered.

After the trucks were registered in the name of Grenier, they were kept in the same place as they were before such registration, except that one of the trucks was sometimes

kept in the street in front of the house of the person who was operating it. Fouquette continued to make and pay for repairs on the trucks. The gasoline and oil consumed by the trucks were charged to him as late as October 15, 1938. The defendant did not pay for any gasoline or oil. Fouquette went to the municipal building for the pay checks, which were made out in the name of Grenier, and had Grenier indorse them to him, and Fouquette occasionally drove the trucks without compensation "when no W. P. A. driver" was available. There is nothing in the report of the master that indicates that Grenier had actual possession of the trucks or that he in fact exercised any control over their operation. The owners of automobiles, other than those controlled by dealers or manufacturers, are the only persons entitled to registration under the statute, G. L. (Ter. Ed.) c. 90, § 2, but ownership is not confined to those who have an absolute title to the vehicle but extends to those who have a special property therein. *Downey* v. *Bay State Street Railway*, 225 Mass. 281. *Hyland* v. *Hyland*, 278 Mass. 112. *Squires* v. *Fraska*, 301 Mass. 474. The registration in the name of Grenier was some evidence that he was the owner, *Burns* v. *Winchell*, 305 Mass. 276; but such evidence may be rebutted, *MacKenzie* v. *MacKenzie*, 306 Mass. 291, and upon the findings of the master Grenier had no more than a paper title to the registration and the master's conclusion that the trucks were illegally registered was correct. *Balian* v. *Ogassin*, 277 Mass. 525. *Harnden* v. *Smith*, 305 Mass. 485.

The bill alleges that the trucks were transferred to Grenier but that "it was intended and understood that said Fouquette should continue as the true owner of said vehicles," and the master's report shows that the execution of the arrangement into which Fouquette and the defendant had entered required the transfer of the registrations to Grenier. The illegal registration of the trucks was the means agreed upon for the purpose of securing work for the trucks from the city. Fouquette did not intend to pass any title to them, and at the times of the transfers to Grenier he knew that they were illegally registered. Such registration was

an essential and material part of the plan, which must be considered as a unit. Even if the object sought to be accomplished by the parties was lawful, if the means adopted were illegal then the entire plan itself is illegal. *Armstrong Cork & Insulation Co.* v. *Walsh*, 276 Mass. 263, 272. And a contract which provides for performance in a manner contrary to law cannot support an action for its breach by one who participated in making it. *Shea* v. *Massachusetts Benefit Association*, 160 Mass. 289. *Kennedy* v. *Welch*, 196 Mass. 592. *Jones* v. *B. F. Butler Coöperative Bank*, 254 Mass. 82. *Parrot* v. *G. H. Mansfield & Co. Inc.* 266 Mass. 121. *Colonial Operating Co.* v. *Poorvu*, 306 Mass. 104.

The bill seeks to set aside the transfers of these trucks and to secure the profits resulting from their unlawful use upon the highways. The public policy of this Commonwealth has been to exclude such motor vehicles from our highways, and in a long line of decisions of this court, commencing with *Dudley* v. *Northampton Street Railway*, 202 Mass. 443, and ending with *Malloy* v. *Newman*, ante, 269, 273–274, it has been held that owners and operators of improperly registered vehicles cannot recover in the absence of proof that their damages or injuries were caused by reckless or wanton conduct of another, and, on the other hand, such owners and operators have been held liable for damages and injuries to others on the ground that the use of such vehicles constituted a public nuisance.

The denial of relief to the plaintiff may seem a hardship, but the parties have by their illegal conduct deprived themselves of the aid of the court in determining and enforcing their interests arising immediately and directly from a transaction that a court cannot recognize. *Wolkovisky* v. *Rapaport*, 216 Mass. 48. *Duane* v. *Merchants Legal Stamp Co.* 227 Mass. 466. *Caines* v. *Sawyer*, 248 Mass. 368. *Shong* v. *Shee*, 254 Mass. 366. *Szadiwicz* v. *Cantor*, 257 Mass. 518. *New Haven Road Construction Co.* v. *Long*, 269 Mass. 16. *Taylor* v. *Ashe*, 284 Mass. 182. *Coughlin* v. *Royal Indemnity Co.* 244 Mass. 317. *Baskin* v. *Pass*, 302 Mass. 338. *James J. Sullivan, Inc.* v. *Cann's Cabins, Inc.* 309 Mass. 519.     *Decree reversed.*