Robert C. POWELL, J. W. Bateson Company, Inc., a Corporation, and Liberty Mutual Insurance Company, a Corporation, Appellants,

v.

The HOME INDEMNITY COMPANY, a Corporation, Shaw and Sons Equipment Rental, Inc., a Corporation, Bernice I. Rogers and Leonard W. Rogers, Appellees.

No. 17592.

United States Court of Appeals Eighth Circuit.

April 19, 1965.

Rehearing Denied May 24, 1965.

Matthes, Circuit Judge, dissented in part.

Reed O. Gentry, of Rogers, Field & Gentry, Kansas City, Mo., for appellant.

Lowell L. Knipmeyer, of Knipmeyer, McCann & Millett, Kansas City, Mo., for appellees.

Lowell L. Knipmeyer and John A. Borron, Jr., of Knipmeyer, McCann & Millett, Kansas City, Mo., on the brief for Home Indemnity Co. and Shaw and Sons Equipment Rental, Inc.

John C. Risjord, Kansas City, Mo., for Bernice I. Rogers and Leonard W. Rogers.

Before MATTHES and RIDGE, Circuit Judges, and HANSON, District Judge.

HANSON, District Judge.

This is a declaratory action brought by Robert C. Powell, J. W. Bateson Company, Inc. and Liberty Mutual Insurance Company, as plaintiffs and appellants, against Home Indemnity Company, Shaw and Sons Equipment Rental, Inc., Bernice I. Rogers and Leonard W. Rogers.

On or about September 25, 1959, a truck owned by Shaw and Sons and leased by Shaw and Sons to J. W. Bateson Company was being driven by Robert C. Powell as an employee of Bateson.

On the same day, September 25, 1959, this truck being driven by Powell struck the rear of an automobile occupied by Bernice I. Rogers and Leonard W. Rogers.

J. W. Bateson is the named insured in an insurance policy issued by Liberty Mutual Insurance Co. and Shaw and Sons Co. is a named insured in an insurance policy issued by Home Indemnity.

The effect of the trial court's Memorandum and Order is that Powell and Shaw and Sons Co. are additional insureds under the Liberty Mutual policy and that Bateson and Powell are additional insureds under the Home Indemnity policy. That determination is not questioned on this appeal.

The serious question on this appeal is whether both insurers afford primary coverage to the insureds or whether only one does, and if so, which one. The trial court found that Home Indemnity was only excess and not primary insurance. This court cannot agree.

The "Other Insurance" clauses in the policies read as follows:

The Liberty Mutual policy states:

"Other Insurance. If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance."

The Home Indemnity policy states:

"Other Insurance. If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance."

The general rule is that the policy insuring the liability of the owner of a described vehicle has the first and primary coverage. The exception to this rule is that coverage is apportioned between the two insurance policies if the excess clauses in the two policies are repugnant. 76 A.L.R.2d 502. The Missouri courts follow these rules. In Ar-

diti v. Massachusetts Bonding & Insurance Co. et al., 315 S.W.2d 736 (Mo.), the exception was applied. In Fidelity & Casualty Co. of New York v. Western Casualty & Surety Co., 337 S.W.2d 566 (Mo.App.), the general rule was applied. This position has been reaffirmed in State Farm Mutual Auto. Ins. Co. v. Mid-Continent Casualty Co., 378 S.W.2d 232 (Mo. App.). By applying those rules to this case, Home Indemnity is certainly a primary insurer. The Home Indemnity policy is the policy of the undisputed owner, Shaw and Sons Co. The indemnity contract was between two insureds of Home Indemnity, i. e., the named insured, Shaw and Sons, and the omnibus insured, Bateson. This being the case, we do not see how it could have the very substantial effect on the Home policy attributed to it by the trial court. It could not so materially affect the obligations of Home Indemnity.

 We find nothing incorrect about the trial court's determination that Liberty Mutual is a primary insurer. Liberty Mutual insured Bateson. "Hired automobile" in this policy means hired automobile insured on a cost of hire basis. National Surety Corp. v. Western Fire & Indemnity Co., 318 F.2d 379 (5th Cir.). That being so the clause does not apply. It is not contended that it was insured on that basis.

 Whether Bateson was an owner within the meaning of the Liberty Mutual policy is a question of fact. For a clear example see State Automobile & Casualty Underwriters v. Farm Bureau Mutual Ins. Co., Iowa, 131 N.W.2d 265, together with Cass Bank & Trust Co. v. National Indemnity Co., 326 F.2d 308, 312 (8th Cir.). Evidence on this question included the long term lease, see Proctor v. Hannibal & St. J. R. Co., 64 Mo. 112, 123; Baltimore & O. R. Co. v. Walker, 45 Ohio St. 577, 16 N.E. 475; Camp v. Rogers, 44 Conn. 291, 298, and an agreement to assume legal liabilities which may arise from use of the property. For a clear example of this, see Moore v. Palmer, 350 Mich. 363, 86 N.W. 2d 585.

In Cleo Syrup Corporation v. Coca-Cola Company (8 Cir.), 139 F.2d 416, 150 A.L.R. 1056, the court said:

"This Court, upon review, will not re-try issues of fact or substitute its judgment with respect to such issues for that of the trial court. Storley v. Armour & Co., 8 Cir., 107 F.2d 499, 513; Gasifier Mfg. Co. v. General Motors Corporation, 8 Cir., 138 F.2d 197, 199; Travelers Mut. Casualty Co. v. Rector, 8 Cir., 138 F. 2d 396, 398. The power of a trial court to decide doubtful issues of fact is not limited to deciding them correctly. Thompson v. Terminal Shares, Inc., 8 Cir., 89 F.2d 652, 655; Pittsburgh Plate Glass Co. v. National Labor Relations Board, 8 Cir., 113 F.2d 698, 701 (affirmed 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251); Travelers Mutual Casualty Co. v. Rector, supra. In a non-jury case, this Court may not set aside a finding of fact of a trial court unless there is no substantial evidence to sustain it, unless it is against the clear weight of the evidence, or unless it was induced by an erroneous view of the law. Aetna Life Ins. Co. v. Kepler, 8 Cir., 116 F.2d 1, 4, 5; Gasifier Mfg. Co. v. General Motors Corporation, 8 Cir., 138 F.2d 197, 199; Travelers Mutual Casualty Co. v. Rector, supra."

 The Liberty Mutual policy is a contract between that Company and its insureds. The trial court in construing the word "owner" must take the meaning most favorable to the insured. Giokaris v. Kincaid, 331 S.W.2d 633, 639, 86 A.L. R.2d 925 (Mo.); State Farm Mutual Auto. Ins. Co. v. Mid-Continent Casualty Co., supra. Although the word "owner" is held to be ambiguous, see American Indemnity Company v. Davis, 5 Cir., 260 F.2d 440, 442, whether or not we should consider it so is not, however, conclusive of the issue in this case. The plain and reasonable meaning of the word as applied to motor vehicles includes not only absolute estates but also includes estates less than absolute. Baltimore & O. R.

Co. v. Walker, supra, Moore v. Palmer, supra; Proctor v. Hannibal & St. J. R. Co., supra; Camp v. Rogers, supra; State Automobile & Casualty Underwriters v. Farm Bureau Mutual Ins. Co., supra; American Indemnity Co. v. Davis, supra; Fouquette v. Millette, 310 Mass. 351, 37 N.E.2d 1008; Vol. 30 Words and Phrases, pp. 616–621. Most significantly the insurance companies consistently contend for this interpretation. See Lalos v. Tickler, 103 N.H. 292, 170 A.2d 843; 83 A.L.R.2d 926, section 5.

■ The trial court did not rule on the issue of reformation. Home contended that its policy should be reformed to exclude the omnibus insureds Bateson and Powell and give full effect to the indemnity agreement. For reformation, it is necessary to show that the instrument failed through mutual mistake, fraud, or concealment to express the real intention of the parties. Commercial Standard Ins. Co. v. Maryland Casualty Co., 248 F.2d 412 (8th Cir.) (Mo.); C. S. Foreman Co. v. Great Lakes Pipe Line Co., 274 F.2d 61 (8th Cir.) (Mo.). There is no appeal by the appellees on that issue. Because of the limitations on the right of this court to make findings of fact, there is nothing to review on the question of reformation.

Home also asserted that the trial court should have found Liberty Mutual estopped to assert that Home was a primary insurer and that there had been no notice and cooperation. The trial court found against Home Indemnity on these two issues and the findings are supported by the evidence.

■ Generally, where an insurance company takes charge of the insured's case, the insurer is estopped to deny coverage. Schmidt v. National Auto & Cas. Ins. Co., 207 F.2d 301, 38 A.L.R.2d 1142 (8th Cir.). This does not mean as Home contends that the appellants are estopped to assert that Home is also a primary insurer. Farmers Insurance Exchange v. Fidelity & Casualty Co., 374 P.2d 754 (Wyo.) (1962); McFarland v. Chicago Exp., 7 Cir., 200 F.2d 5, 7; Continental

Casualty Co. v. Buckeye Union Casualty Co., Ohio Com.Pl., 143 N.E.2d 169, 180.

■ Delay in giving notice to the liability insurer may sometimes be excused if there is justifiable lack of knowledge of coverage. All notices of accidents which are not given immediately to the insurer are not necessarily prejudicial to the insurer. Pawtucket Mutual Ins. Co. v. Lebrecht, 104 N.H. 465, 190 A.2d 420, 425. Actual prejudice must be shown by the insurance company. Prejudice is not presumed. St. Paul & Kansas City S. L. R. Co. v. United States Fidelity & Guaranty Co., 231 Mo.App. 613, 105 S.W.2d 14, 25; Western Casualty & Surety Co. v. Coleman, 186 F.2d 40 (8th Cir.) (Mo.). The trial court's finding in this regard is supported by the evidence.

Home Indemnity raised the question of estoppel and lack of notice and cooperation under the rule that where the decision below is correct, it must be affirmed by the Appellate Court even though the lower tribunal gave a wrong reason for its action. However, since the trial court found Home Indemnity to be an excess insurer, reversal on the issue of notice or estoppel would not amount to affirming the trial court.

The court recognizes that there are cases which find the excess clauses to be either repugnant or that both clauses apply. The Arditi case followed that reasoning. The trial court's decision in that regard did not follow the Arditi case. Here both insurance companies are liable under the "other insurance" clauses.

The decision of the lower court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

MATTHES, Circuit Judge (concurring in part, dissenting in part).

I concur in the holding that The Home Indemnity Company is the primary insurer but am unable to agree that Liberty Mutual Insurance Company is also a primary insurer.

An additional word in regard to the facts is in order.

Shaw and Sons Equipment Rental, Inc., the owner of the truck, entered into a written lease or agreement on July 25, 1959, under which the truck involved in the collision was leased to J. W. Bateson Company, Inc. for an unspecified period of time. Bateson agreed to assume all risks of injury or damage for any cause to persons or property and save harmless Shaw and Sons from all claims and suits on account of such injury or damage. The Liberty policy of insurance was issued as of December 16, 1958. The date of issuance of the Home policy is not apparent from the record.

After stating that the "main issue * * * involves the question of who is the primary insurer and who is the secondary insurer," the District Court, on the basis of the hold harmless agreement, concluded and held that the Liberty policy affords primary coverage and the coverage provided by the Home policy is excess to the Liberty policy.

As the majority opinion points out, Liberty's policy was issued to Bateson, possessor of the truck under the rental agreement, whereas the Home policy was issued to Shaw and Sons, the owner of the truck. Under the "other insurance" clauses which are identical in substance, it is abundantly clear that the Home policy, having been issued to the owner, provides primary coverage. Having properly reached this conclusion, the majority then attempts to demonstrate that Liberty is also a primary insurer. In so doing, the Court fell into the same error which motivated the District Court's ultimate judgment, i. e., resort was had to the hold harmless provision of the leasing agreement. I do not believe this indemnity provision has any place in this lawsuit. In my view, the obligation created by this provision was personal to Bateson. Neither Liberty nor Home was a party to that agreement; in fact, the Liberty policy was issued more than six months before the leasing agreement was executed.

The simple question here is one of interpretation of the policy provisions in light of the undisputed facts. There is nothing ambiguous about the applicable provisions of the policies and we have no right to import into the policies ambiguities that do not exist. Peacock & Peacock, Inc. v. Stuyvesant Insurance Company, 332 F.2d 499, 504 (8 Cir. 1964).

In my view, this is a case where the general rule stated in Arditi v. Massachusetts Bonding & Insurance Co., 315 S.W.2d 736 (Mo.1958) and followed in Fidelity & Casualty Co. of New York v. Western Casualty & Surety Co., 337 S.W.2d 566 (Mo.App.1960) should be applied.

I would reverse and remand with directions to enter judgment that the policy of The Home Indemnity Company affords primary coverage and the policy of Liberty is excess coverage.

Rehearing denied; MATTHES, Circuit Judge, dissenting.