This certifies that this is the opinion of the Appellate Division in this cause.

**Charles R. Jannino, Clerk**
**Appel. Div.**

**Louis J. RICCI**
vs.
**Richard A. MAXCY**

**No. 8642**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**October 16, 1981**

**Pro se,** counsel for plaintiff
**Edward T. Troy, Esq.,** counsel for defendant

## OPINION

**Forte, J.** This is an action on a promissory note to pay $2100 within sixty days. The complaint alleges, and the answer admits, that $2000 was borrowed and the additional $100 was interest.

In the answer the defendant alleges the note was in violation of G.L. c. 271, § 49,

therefore usurious, and requests, as a defense, the note be declared void.

At the trial there was evidence that the plaintiff on August 27, 1976 loaned the defendant $2000, and on the same date the defendant signed a promissory note to pay $2100 within sixty (60) days. Thereafter the unpaid balance would be at 15% interest.

By July 5, 1977, nothing having been paid, the plaintiff sent the following letter to the defendant:

"Our original agreement of August 27, 1976 was for sixty days: October 27, 1976. At that date $2100.00 was payable.

The interest on $2100.00 at 15% until June 27, 1977 brings the balance owed to $2300.00.

Enclosed please find a payment breakdown on $2300.00 for two years at 15%, the first payment being due July 27, 1977.

Please sign and return this letter if our understanding is mutual."

The defendant signed said letter and thereafter made some payments. There were no payments made after October 27, 1977.

Neither the original note, alleged to be lost, nor a copy was introduced into evidence, although a copy was attached to the complaint.

At the close of the evidence, the plaintiff filed ten requests for findings of fact and three requests for rulings of law.

The trial judge filed findings of fact which included the following:

" ... It is undisputed that on August 27, 1976 the plaintiff loaned the defendant $2000.00 for a period of 60 days which was secured by a promissory note of even date in the amount of $2100.00. The extra $100.00

repesented interest for the 60 days which is the equivalent of 30% per annum ...

I find the letter of July 5, 1977 is merely a recapitulation of the debt with the defendant's signature representing his acknowledgment of the debt ..."

The court found for the defendant, and the plaintiff is aggrieved by the court's denial of ninth and tenth requests for findings of fact and the denial of the three requests for rulings of law.

There was no error.

We interpret the plaintiff's requests for rulings of law to the effect that on the undisputed facts the court was required to enter a finding for the plaintiff and that the district court is without authority to exercise equity power as a defense to declare an usurious note void.

"Findings of fact by a trial judge in an action of law cannot be reversed unless they cannot be supported on any rational view of the evidence." **Abele v. Dietz,** 312 Mass. 685, 690 (1942).

There was ample evidence to support the judge's finding that $100 interest on $2000 for 60 days is equivalent to an annual interest rate of 30%.

An interest rate greater than twenty (20%) per annum of the sum loaned is usury G.L. c. 271, § 49.

An illegal contract cannot support an action for its breach by one who participated in making it. **Fouguette v. Millette,** 310 Mass. 351, 354 (1941).

Furthermore, G.L. c. 271, § 49(c) provides in equity the Supreme Judicial Court or the Superior Court upon petition by the person to whom the loan was made may declare the loan void. **Beach Associates Inc. v. Fauser et al.,** 1980 Mass. App. Ct. Adv. Sh. 525.

Although the district court does not have jurisdiction for equitable relief for petitioners, it does have jurisdiction to grant equitable relief as a defense. G.L. c. 231, § 31; Dist./Mun. Cts. R. Civ. P. 8;

**Neill v. Fineberg,** 1978 Mass. App. Ct. Adv. Sh. 277.

There was no error in denying the plaintiff's requests for rulings of law.

As to the requests for findings of fact, a trial judge is not required to grant such requests. **Crowninshield Shipbuilding Co. v. Jackman,** 283 Mass. 21 (1933).

There being no error, the report is dismissed.

**Elliot T. Cowdrey, P.J.**
**John P. Forte, J.**
**Richard L. Banks, J.**