[No. 12792.   Department Two.   January 11, 1916.]

EFFIE E. SMITH *et al.*, *Appellants*, v. L. H. CRAVER *et al.*,
*Respondents.*[1]

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—DELINQUENT AS-
SESSMENTS—SUMMARY FORECLOSURE—DEED—REDEMPTION — NOTICE TO
"OWNER." ·There must be strict compliance with Rem. & Bal. Code,'
§ 7808, providing, upon the summary sale of premises for delinquent
local improvement assessments, that the notice of application for a
deed be served personally upon the "owner," which means the real
owner of the property, unless something has been done to work an
estoppel; hence notice by publication, to the holder of the record
title under an absolute deed intended as a mortgage is not sufficient
to cut off the owner's right of redemption, where she had been in
possession for more than ten years, was the record owner when the
assessments were levied, her name appeared on the assessment rolls,
and she lived in the immediate vicinity and could have been found
if diligence had been used.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered November 16, 1914, upon sus-
taining a demurrer to the complaint, dismissing an action
to set aside tax deeds, tried to the court.   Reversed.

*Barker & Rozema*, for appellants.
*A. C. MacDonald*, for respondents. .

PARKER, J.—The plaintiffs, Effie E. Smith *et al.*, seek to
have set aside two tax deeds issued to the defendant L. H.
Craver by the city treasurer of the city of Seattle, for lots
11 and 12, respectively, of block 3, Evans & Blewett's addi-
tion to the city of Seattle.   The deeds were issued upon de-
linquent eminent domain local improvement assessments and
certificates of delinquency issued therefor, and are claimed
by the defendants to rest upon valid proceedings regularly
had under Rem. & Bal. Code, § 7808 (P. C. 171 § 111), re-
lating to such delinquent assessments.   The defendant L. H.
Craver demurred to the plaintiffs' complaint upon the ground

[1]Reported in 154 Pac. 156. .

of insufficiency of facts to constitute a cause of action. The demurrer was by the court sustained, and the plaintiffs, electing to not plead further, judgment of dismissal was rendered against them, from which they have appealed.

The controlling facts may be summarized from the allegations of the complaint as follows: Appellant Effie E. Smith was the actual and also the record owner of the lots at the time of, and long prior to, the issuance of the delinquent certificates here involved. Her name appeared upon the assessment rolls as the owner of the lots, and her name also appeared on the delinquent certificates as the owner of the lots. In November, 1912, after the issuance of the delinquent certificates, George E. Gowen became the apparent record owner of the lots. While the conveyance to him was by deed absolute in form, it was intended as a mortgage only, to secure a loan of $445 made by him to appellant Effie E. Smith. The record of this deed in the office of the auditor of King county made him the apparent record owner of the lots.

In April, 1913, respondent L. H. Craver, having then become the owner by assignment of the certificate of delinquency against lot 11, gave notice to George E. Gowen, by publication, of his intention to apply to the city treasurer for a deed to that lot if not redeemed within sixty days from the date of the first publication of the notice. In April, 1913, M. L. Ash, the original holder and then owner of the certificate of delinquency against lot 12, gave notice to George E. Gowen, by publication, of his intention to apply to the city treasurer for a deed to that lot if not redeemed within sixty days from the date of the first publication of the notice. Thereafter, respondent L. H. Craver became the owner of that certificate of delinquency by assignment from M. L. Ash. These published notices were addressed to George E. Gowen only. They were evidently so addressed and given upon the assumption that George E. Gowen was the owner of the lots and the only person to whom notice of application for the

deeds was required to be given.  No other notice was given to any one.

Thereafter, respondent L. H. Craver filed with the city treasurer his affidavits stating, in substance, that he was the owner of the certificates; that notice had been given by publication to George E. Gowen; that George E. Gowen was the record owner of the lots; "that immediately before publishing the notice hereinafter referred to, affiant made and caused to be made diligent search for the said George E. Gowen, and that affiant has been unable to find him and believes that said George E. Gowen is not now within the state of Washington, and was not at the time of the first publication of the notice of application for a deed;" and that all other taxes against the lots had been paid.  Respondent L. H. Craver thereupon demanded of the city treasurer that he issue deeds to him for the lots as holder of the unredeemed certificates of delinquency.  Thereafter, on July 8, 1913, the city treasurer executed and delivered to respondent L. H. Craver a deed for each of the lots, the same not having been redeemed.  No notice of any application for the deeds, or either of them, was ever given to appellant Effie E. Smith, nor did she have any actual notice or knowledge thereof.  Thereafter, appellant Effie E. Smith, for the purpose of effecting a redemption from the sale of the lots, caused to be tendered to L. H. Craver the sum of $425 in payment of the delinquent assessments for which the certificates were issued, including additional taxes and assessments paid by respondent Craver and his predecessor in interest, which tender was refused.  In her complaint, Effie E. Smith offers to pay all taxes, assessments and lawful charges to whomsoever due for the redemption of the lots.

Touching the question of the necessity of notice to appellant Effie E. Smith of the applications for the deeds, giving her opportunity to redeem as owner of the lots, she alleged:

"That said plaintiff Effie E. Smith is now, and has been for more than ten years last past, the owner in fee simple and in possession of lots 11 and 12, block 3, Evans and Blewett's addition to the city of Seattle, in said county, as her separate property. . . .

"The plaintiff Effie E. Smith is now and has been for several years last past a resident of the city of Seattle aforesaid, and for a long time prior to the publication of said notice lived in the immediate vicinity of said lots 11 and 12, and her whereabouts and her ownership of said lots could have been ascertained at any time before the publication of said notice if any diligence at all had been exercised."

This action was brought about one year following the issuing of the deeds by the city treasurer.

No question is made as to the validity of the assessments, or the validity of the certificates of delinquency. The deeds were issued, as claimed by counsel for respondents, in accordance with procedure regularly had and notice given as prescribed by Rem. & Bal. Code, § 7808, which, so far as we need here notice its provisions, reads:

"Every piece of property sold for an assessment shall be subject to redemption by the former owner, or his grantee, mortgagee, heir or other representative at any time within two years from the date of the sale . . . Should no redemption be made within said period of two years, the treasurer shall, on demand of the purchaser or his assigns, and the surrender to him of the certificate of purchase, execute to such purchaser or his assigns, a deed for the piece of property therein described: Provided, that no such deed shall be executed until the holder of such certificate of purchase shall have notified the owner of such piece of property that he holds such certificate, and that he will demand a deed therefor; and if, notwithstanding such notice, no redemption is made within sixty days from the date of the service or first publication of such notice, said holder shall be entitled to said deed. Said notice shall be given by personal service upon said persons: Provided, that in case said parties are nonresidents of the state or they cannot be found therein after diligent search, then such notice may be given by publication in a weekly newspaper published in said city once each week

for three successive weeks or if no newspaper be published
in said city, then publication shall be made as provided in
§ 7792.   Such notice and return thereto, with the affidavit
of the person claiming such deed showing that such service
was made, shall be filed with the treasurer.   Such deed shall
be executed only for the piece of property described in the
certificate, and after payment of all subsequent taxes and
special assessments thereon."

The principal contention of counsel for appellants is that
Effie E. Smith was the owner of the lots at all times here
involved, within the meaning of the provisions of § 7808
above quoted, requiring notice to be given to *"the owner"*
by the holder of the certificate of delinquency of his applica-
tion to the city treasurer for a deed, so as to furnish such
owner an opportunity to redeem before the issuance of such
deed.   We are constrained to agree with this contention, as-
suming, of course, that the allegations of the complaint are
true.   Counsel for respondents proceed upon the theory that
the notice need only be given to the record owner, that is, the
record owner as shown by the instruments of conveyance of
record in the county auditor's office; and that, since there
was of record in that office a conveyance absolute in form
for the lots from appellant Effie E. Smith to George E.
Gowen, respondent L. H. Craver had the right to rely abso-
lutely upon such conveyance as showing George E. Gowen
to be the owner of the lots.

Now this law is silent as to who shall be deemed the owner
for the purpose of giving notice of application for deeds,
within the meaning of § 7808 above quoted.   This law is, in
this respect, unlike those tax laws which provide that, for
the purpose of service of notice or process, those persons
shall be deemed owners whose names appear upon the tax
rolls or some other specified public record.   This law uses
the word "owner," in this connection, unqualifiedly; and we
think it means the real owner, unless the real owner has done
something which works an estoppel against him asserting
that he is the real owner and, as such, entitled to notice fur-

nishing him an opportunity to redeem. It might be that, if the same name appeared as owner upon the assessment rolls, in the certificate of delinquency and in the record of conveyance in the auditor's office, and, in addition thereto, the lot was not in possession of anyone, such evidence of ownership would entitle the holder of the certificate of delinquency to a deed upon giving notice to such owner, regardless of who the true owner might be. But we have no such case here. We have seen that these lots have been in the possession of appellant Effie E. Smith for more than ten years past; that she was the record owner when these assessments were levied; that her name appears as owner upon the assessment rolls; that her name appears as owner in the certificates of delinquency; and that she now lives, and for a long time prior to the publication of the notices had lived, in the "immediate vicinity" of the lots. We think these are facts to which respondent L. H. Craver could not shut his eyes.

We are not dealing with the foreclosure of a general tax lien, a lien which the law itself furnishes to all owners, in a measure, an annual notice of its existence. But we are dealing with a local assessment lien, the creation of which the owner of the property charged may never have any actual notice, and which is sought to be foreclosed in this summary manner instead of by judicial process. More, this is an eminent domain local improvement assessment, for which property at some considerable distance from, and not abutting upon, the improvement may be assessed, so that the mere making of the improvement may not suggest to the owner that his property is to be assessed therefor, as it generally does where his property abuts directly upon an ordinary local improvement which he sees being constructed. Hence, the necessity which the law has always recognized in such cases of requiring the strictest compliance with the prescribed statutory prerequisites for the issuance of a deed divesting the owner of title in satisfaction of such an assessment. These observations suggest the exercise of great caution, and

require strict adherence to the notice and procedure prescribed in § 7808 above quoted, before it can be held that the owner is divested of his title in satisfaction of such a local assessment by the issuance of a deed by the city treasurer; especially where the required notice furnishing the owner an opportunity to redeem is not personal but constructive only, as the notice here relied upon was.

In *Albring v. Petronio*, 44 Wash. 132, 87 Pac. 49, Justice Crow, speaking for the court, said:

"Our view is that this statute must be strictly construed as against the respondent; that he must be held to a complete and exact compliance with all of its provisions as a condition precedent to obtaining his deeds. Had he succeeded in giving personal notice to the appellants, a less stringent rule might be invoked in his behalf."

This observation, it is true, was made in connection with defects of procedure preliminary to the issuance of a deed by the city treasurer not exactly of the same nature as that here involved, but the principle involved is the same, and the statute there involved was, in substance, the same as the above quoted provisions from Rem. & Bal. Code, § 7808 (P. C. 171 § 111). *Loeb v. Asberry*, 44 Wash. 427, 87 Pac. 510, and *Jones v. Seattle Brick & Tile Co.*, 56 Wash. 166, 105 Pac. 238, lend support to this view.

We are of the opinion that appellants' complaint states a cause of action, entitling them to redeem from the sale evidenced by the certificates of delinquency upon which the deeds of the city treasurer were issued. It follows that the sustaining of respondents' demurrer to appellants' complaint and the dismissal of the case were erroneous.

The judgment is reversed, and the cause remanded for further proceedings.

MORRIS, C. J., MAIN, HOLCOMB, and BAUSMAN, JJ., concur.