**AMERICAN INDEMNITY COMPANY, Appellant,**

v.

**C. E. DAVIS et al., Appellees.**

**No. 17023.**

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1958.

Travers Hill, Atlanta, Ga., B. D. Murphy, Atlanta, Ga., of counsel (Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., on the brief), for appellant.

Eugene A. Epting, Athens, Ga., R. Lee Chambers, Augusta, Ga., C. Winfred Smith, Gainesville, Ga., William O. Carter, Hartwell, Ga. (Erwin, Nix, Birchmore & Epting, Athens, Ga., Joseph & Carey Skelton, Hartwell, Ga., Payne & Heard, Elberton, Ga., on the brief), for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This appeal presents two simple but important questions of coverage of an

automobile public liability insurance policy. The first is: does a "replacement" automobile owned jointly by the named insured and his son come within the terms "an automobile ownership of which is acquired by the named assured"? The second is whether the trial court erred in concluding, as a matter of law, that statements made by the son at the time of the accident did not breach the agreement of the insured to "co-operate."

In a declaratory judgment suit in which appellant sought, after an accident involving an automobile at least jointly owned by its named insured, to have a declaration of no liability the real issues boiled down to those enumerated above. An affirmative answer to the two questions would require affirmance here of the judgment below.

■ Dealing first with the ownership question, we note that neither party cites a Georgia court decision answering this precise point. Appellee cites as Georgia cases supporting the proposition that "if there is any ambiguity in an insurance policy the Courts will construe the contract favorably" to the insured, the following: Massachusetts Benefit Life Association v. Robinson, 104 Ga. 256, 30 S.E. 918, 42 L.R.A. 261; Penn Mutual Life Ins. Co. v. Milton, 160 Ga. 168, 127 S.E. 140, 40 A.L.R. 1382; and Christensen v. New England Mutual Life Ins. Co., 197 Ga. 807, 30 S. E.2d 471, 153 A.L.R. 794. Appellant, not disagreeing with this abstract principle, cites as the most recent Georgia authority "concerning ambiguities in insurance contracts," Wolverine Ins. Co. v. Jack Jordan Inc., 213 Ga. 299, at page 302, 99 S.E.2d 95, at page 97, from which it quotes:

"It is well settled that the courts of Georgia, if there is any ambiguity in an insurance policy, will construe the contract most favorably to the insured. (Citing cases.)

But it is equally well settled that no construction is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation. In such an instance, the language used must be afforded its literal meaning and plain ordinary words given their usual significance, and this rule applies equally as well to insurance contracts as to any other contract."

■ Applying this rule, with which we fully agree, we must determine whether the words "an automobile, ownership of which is acquired by the named insured," given their literal meaning and their usual significance, can comprehend anything other than sole ownership as to the replacement automobile. Appellant directs its argument principally to the proposition that the term "named insured" is not ambiguous. To this we agree, as did the able trial court. This, however, does not answer the question. Whatever is meant by "ownership" all agree it must have been acquired by C. E. Davis. Here the question is: does joint ownership of C. E. Davis and his son, Jackie, qualify as "ownership." Since "ownership" in its literal sense includes joint as well as sole "belonging," the use of the more general term "ownership" comprehends the qualified terms "sole" and "joint" ownership. The term is ambiguous and thus, by the authority of the Georgia cases cited by appellant itself, the construction placed on the phrase by the trial court must be affirmed.

Much of the dispute over the lack of cooperation question arises from the form of the question put to the jury by the trial court.[1] The question was phrased:

"Six—If your answer to Number 5 is 'Yes', was such statement made in bad faith and for the pur-

1. There was evidence that on one occasion immediately following the accident at the hospital, Jackie Davis, the son, had stated that he was driving the car; where- as on the trial he testified that the deceased passenger was driving it. The jury found, in answer to question 5, that this statement was made.

pose of prejudicing the rights of the insurance company, and did it prejudice the insurance company?"

Appellant contends that a negative answer to this question could not be a proper predicate to the court's finding that there was not a failure to cooperate. Its argument was that such statement, if false, constituted failure to cooperate; that the questions of bad faith and purpose of prejudicing the rights of the company were irrelevant.[2]

▇▇ No Georgia cases are cited by either party determining what legal standards are to be applied to the provision for cooperation of the insured. We discussed general principles in applying the Alabama law in General Accident Fire & Life Assurance Corp. v. Rinnert, 5 Cir., 170 F.2d 440. We think it clearly expressive of the general rule to state that want of cooperation involves more than the factum of an incorrect statement by the assured. Certainly if an insured person in the best of faith states facts which he thinks to be true, but which are not in fact true, this is not per se a failure to cooperate; moreover, as was observed in the General Accident case, supra, it is generally required that a failure to cooperate must be in a material matter and to a substantial degree in order to work a forfeiture of the policy. Here the only failure to cooperate lies in the fact that Jackie Davis, while lying on a stretcher being examined by doctors for injuries at the hospital immediately after the accident, told a highway patrolman that he had been driving the automobile. It is alleged in appellant's complaint that Jackie informed it that the automobile was being driven by one Warden Cain, whereas state court suits had been filed against it by some of the defendants here alleging that the car was being driven by Jackie. On the trial below Jackie testified that Warden Cain was driving. No evidence was introduced by appellant to show any motive or intent on the part of Jackie in making the inconsistent statement. There is no evidence that it was later restated or adhered to or that it misled appellant. No showing was made that it affected appellant's opportunity to prepare for the lawsuits or interfered with its opportunity to settle the litigation—no showing, in other words, of injury or intentional wrongdoing. We conclude with the trial court that there was a failure by appellant to make a sufficient showing of failure to cooperate to warrant a finding to that effect.

▇▇ The judgment of the trial court[3] did not declare the rights of the parties to the insurance contract, although in its findings and conclusions it clearly indicated what these rights should be. It merely denied the relief granted by the plaintiff insurance company. All the plaintiff asked other than an injunction against prosecution of state suits was:

"(a) That the Court declare the status, duties and liabilities of complainant to defendants C. E. Davis, Jackie Clyde Davis, and Marion E. Herndon, in connection with said policy of insurance and the pending suit.

"(b) * * *

2. Appellant's contention in this respect is: "Appellant shows that the factum of the conflicting statements authorizes and requires as a matter of law a finding of the breach of the cooperation clause, but if the trial court is to submit to the jury the question of prejudice, appellant shows that the elements of bad faith and the purpose for the making of the statements by the insured should be eliminated from the interrogatory, so that the jury will simply have for determination whether the conflicting statements did in fact prejudice the insurer."

3. "It appearing to the Court, for the reasons stated in the Court's opinion rendered on September 4, 1957, that all material questions of fact in the above case were decided by the Jury trying said case at the June Term, 1957, against the contentions of Plaintiff, and that under such findings of fact Plaintiff is not entitled to the relief sought in its petition;

"It is therefore ordered and adjudged that the relief sought in Plaintiff's petition be and the same hereby denied."

"(c) For such other and further relief as the Court may deem meet and proper."

We think the court intended to hold that the policy was in effect as to the Mercury automobile owned either by C. E. Davis or by him and Jackie Davis jointly, and that the policy had not been avoided by the false statement of Jackie Davis. We agree with this view and remand the case to the trial court to permit it to enter a judgment not inconsistent with this opinion.