114

**Harry J. PHILLIPS, Jr.**

v.

**The GOVERNMENT EMPLOYEES IN-
SURANCE COMPANY.**

Civ. A. No. 4519.

United States District Court
E. D. Tennessee, S. D.

Aug. 12, 1966.

Timberlake, Brown & Curtis, Chat-
tanooga, Tenn., for plaintiff.

Noone, Moseley & Bell, Chattanooga,
Tenn., for defendant.

OPINION

FRANK W. WILSON, District Judge.

This is an action upon an automobile
liability insurance policy. The plaintiff,
Harry J. Phillips, Jr., contends that he
was insured by the defendant, The Gov-
ernment Employees Insurance Company,
at the time that he was involved in an
automobile accident upon August 13,
1963. Originally the plaintiff joined
also The Employers Liability Assurance
Corporation as a party defendant, con-
tending that he was also insured by that
company with respect to the accident, but
the Court has heretofore dismissed the
plaintiff's action as to The Employers
Liability Assurance Corporation upon a
motion for summary judgment. Refer-
ence is made to the former opinion of the
Court in this respect. The case came on
for trial as to the defendant, The Gov-
ernment Employees Insurance Company.

At the time of the trial, the record was
largely stipulated by the parties. The
facts in the case are largely, if not whol-
ly, undisputed. The plaintiff, Harry J.
Phillips, Jr. is the son of Harry J. Phil-
lips, Sr. Upon August 13, 1963, Phillips,
Jr. was involved in an automobile acci-
dent out of which this lawsuit arose. At
that time he was a minor living in his
father's household. Also at that time
Harry Phillips, Sr. was the named in-
sured under an automobile liability in-
surance policy issued by the defendant,
The Government Employees Insurance
Company. The policy provided limits
of liability in the sum of $10,000.00 for
each person injured, but limited to $20,-
000.00 per accident, with $5,000.00 prop-
erty damage coverage. Among other
provisions, the policy provided as fol-
lows:

"Persons Insured: The following are
insureds under Part I: * * *

"(b) With respect to a non-owned au-
tomobile, * * * any relative, but

only with respect to a private passenger automobile * * *, provided the actual use thereof is with the permission of the owner.

\* \* \* \* \* \*

"Definitions Under Part I: * * * 'Relative' means a relative of the named insured who is a resident of the same household."

Upon August 13, 1963, Harry Phillips, Jr. was involved in an automobile accident with two other vehicles. At the time of the accident Phillips, Jr. was driving a 1958 Chevrolet stationwagon belonging to one Arthur C. Quarles. Quarles had given permission to his minor son, Gary Quarles, to drive the automobile to a high school football field, but had instructed him not to permit anyone else to drive the automobile except in an emergency. The plaintiff and Gary Quarles were friends and schoolmates and upon this occasion Phillips, Jr. asked Gary Quarles to borrow the automobile to drive to his home to get an umbrella, it having started raining during the day. Gary Quarles granted his permission to use the car for this purpose. The plaintiff then drove to his home, obtained an umbrella and a raincoat and returned to the football field. Not finding anyone there, he started to another school in search of Gary Quarles. Upon the way he became involved in an accident with two other vehicles, one driven by a Beulah Hunerwadel and the other by Sonia Malin. Both Mrs. Hunerwadel and Mrs. Malin brought suit against Phillips, Jr. for injuries and damages sustained by them in the accident. The plaintiff gave due notice of the accident and lawsuits unto the defendant, The Government Employees Insurance Company, and called upon them to provide a defense, but they declined to do so and denied coverage under the policy upon the ground that Phillips, Jr. was not insured while driving the Quarles automobile as he did not have permission of Arthur C. Quarles to drive the car. The plaintiff then employed legal counsel for his own defense and these suits resulted in Mrs. Hunerwadel recovering a judgment against him in the sum of $8,550.00, together with costs of $95.00, and Mrs. Malin recovering a judgment against him in the sum of $2,438.58, together with costs of $82.25. By stipulation in the present lawsuit, it is agreed that $1,000.00 would be the reasonable costs incurred by the plaintiff in employing legal counsel for his defense in the accident cases.

The plaintiff contends that under the above quoted language he was an insured under his father's policy, his position being that he was driving the Chevrolet automobile with the permission of the owner, as that term is used in the policy. The defendant, upon the other hand, denies that the plaintiff was insured under its policy, contending that the plaintiff did not have the permission of the owner to use the Chevrolet automobile.

Accordingly, the single issue for decision by the Court in this case is the meaning of the word "owner" as used in the policy wherein it defines an insured as including a relative of the named insured while using a non-owned automobile "with the permission of the owner". The defendant contends that before the plaintiff could claim the right of an insured under the policy while driving a non-owned automobile, it must appear that he had permission for using it from the holder of the legal title to the automobile, Arthur C. Quarles, and that permission of one merely in legal possession of the automobile, such as Gary Quarles, would not be sufficient to satisfy the policy requirements. The plaintiff, on the other hand, contends that the word "owner" is sufficiently broad so as to include not only the holder of the legal or equitable title to the automobile, but also anyone in lawful possession of the automobile and capable of transferring lawful possession to the plaintiff.

This exact issue does not appear to have been previously decided, either in Tennessee or elsewhere in a reported decision. At least no authority defining the meaning of the word "owner" in this context has been called to the attention

of the Court, nor has the Court been able to find any such authority.

▪ It appears to the Court that the word "owner" as used in the policy is sufficiently broad in its meaning to include not only the holder of the legal or equitable title, but also to include one in legal possession of the automobile, although not himself holding the title thereto. The word "owner" is not defined in the policy. Neither does it have a definite meaning in the law. As stated in 73 C.J.S. Property § 13(a):

> "The term 'owner' is a general term having a wide variety of meanings depending on the context and the circumstances in which it is used. Broadly, an 'owner' is one who has dominion over property which is the subject of ownership."

As further therein pointed out:

> "The term 'owner' may also be synonymous with 'holder' or 'possessor' * * *"
> See notes 94 and 95.

That the word "owner" may be ambiguous when used without further definition in an automobile insurance policy has been recognized by other courts. See American Indemnity Co. v. Davis, (C.C.A.5, 1958) 260 F.2d 440; Powell v. Home Indemnity Co., (C.C.A.8, 1965) 343 F.2d 856. In the *Powell* case the Court had this to say with regard to the construction to be placed upon the word "owner" in an automobile insurance policy:

> "The trial court in construing the word 'owner' must take the meaning most favorable to the insured. Giokaris v. Kincaid, 331 S.W.2d 633, 639; 86 A.L.R.2d 925 (Mo.); State Farm Mutual Auto. Ins. Co. v. Mid-Continent Casualty Co., supra (Mo.App.), 378 S.W.2d 232 Although the word 'owner' is held to be ambiguous, see American Indemnity Company v. Davis, 5 Cir., 260 F.2d 440, 442, whether or not we should consider it so is not, however, conclusive of the issue in this case. The plain and reasonable meaning of the word as applied to motor vehicles includes not only absolute es-

tates but also includes estates less than absolute."

While no Tennessee authority has been cited in this diversity action dealing with the meaning of the word "owner" when used in the context here involved, the Tennessee Supreme Court, in the case of McCrary v. Harrell, 166 Tenn. 431, 439, 62 S.W.2d 566, did construe the word "owner", as used in a statute conferring upon "owners of land" at a ferry site preferential rights to a franchise, as including a husband in possession of land the title to which was in his wife and expressly declined to give the word "a technical meaning or limitation".

▪ It appears that the present policy language, "provided the actual use thereof is with the permission of the owner", was first inserted in the family automobile policy after the courts in several states had held that coverage extended even to the use of stolen vehicles by a member of the insured's household. See Sperling v. Great American Indemnity Co., 7 N.Y.2d 442, 199 N.Y.S.2d 465, 116 N.E.2d 482; Bowman v. Preferred Risk Mutual Ins. Co., 348 Mich. 531, 83 N.W. 2d 434; State Farm Mutual Auto. Ins. Co. v. Walker, Tex.Civ.App., 334 S.W.2d 458; Home Indemnity Co. v. Ware, (D. C., Dela.1960) 183 F.Supp. 367. Thus, the objective of adding the phrase "provided the actual use thereof is with the permission of the owner" was to avoid liability where a member of the insured household was driving a stolen vehicle. This purpose may be accomplished without limiting the definition of "owner" to mean "the holder of the legal or equitable title". Had the insurer so intended to limit the meaning, it could readily have used such language.

As noted above, the Court has previously sustained a motion for summary judgment on behalf of the defendant, The Employers Liability Assurance Corporation. The Government Employees Insurance Company appears to contend that it is entitled to be dismissed upon the same grounds. However, in the Employers Liability policy the clause involved was the omnibus clause as it re-

lates to the use of the insured vehicle and the issue was whether Phillips, Jr. had the permission of the "named insured". The "named insured" by express policy definition could refer only to Arthur C. Quarles. The evidence was undisputed that the plaintiff did not have the permission of Arthur C. Quarles. Upon the other hand, in the Government Employees policy the clause involved is the omnibus clause as it relates to the use of a non-owned vehicle and the issue was whether Phillips, Jr. had the permission of the "owner", a term not otherwise defined in the policy. That a broad meaning was intended in using the word "owner" is evidenced not only by the lack of any restrictive definition of the word, but also by the definitions made within the policy of the related phrases "owned automobile" and "non-owned automobile". "Owned automobiles" are defined as including "a temporary substitute automobile". A "non-owned automobile" is defined as excluding one "furnished for" the regular use of the insured. It is clear that the word "owned" as used in the above phrases was not intended in the technical sense of being limited to the holder of the legal or equitable title.

■ It is, of course, well established that where the language in a policy is reasonably susceptible of two or more meanings, the Court should adopt that interpretation most favorable to the person claiming coverage. Monroe County Motor Co. v. Tennessee Odin Ins. Co., 33 Tenn.App. 223, 231 S.W.2d 386. Applying this rule of construction to the present policy, the Court is of the opinion that the word "owner" should be construed to have been used not merely in the technical sense of referring to the holder of the legal or equitable title, but also to include its broader meaning of one having dominion or possession of the automobile and capable of transferring lawful possession to another. Gary Quarles had lawful dominion, control and possession of the automobile at the time he granted Phillips, Jr. permission to use it. Gary Quarles was accordingly an "owner" of the automobile as that word was used in the policy and Phillips was using the automobile at the time of the accident upon August 13, 1963, "with the permission of the owner".

A judgment will enter for the plaintiff against the defendant, The Government Employees Insurance Company, in accordance with the foregoing findings.