**Harry J. PHILLIPS, Jr., Plaintiff-Appellee,**

**v.**

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant-Appellant.**

**No. 17494.**

United States Court of Appeals
Sixth Circuit.

May 16, 1968.

Ray Moseley, Chattanooga, Tenn., for appellant.

Joe Timberlake, Chattanooga, Tenn., for appellee.

Before O'SULLIVAN, PECK and McCREE, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Government Employees Insurance Company appeals from a judgment of the United States District Court, Eastern District of Tennessee, Southern Division, which held that its policy of insurance, issued to one Harry J. Phillips, covered the liability of the latter's son,

---

Harry J. Phillips, Jr., for a tort committed by the son while driving an automobile owned by one A. C. Quarles, possession of which automobile had been given to Phillips, Jr., by Gary Quarles, son of A. C. Quarles. The substantive law of Tennessee applies.

Gary Quarles had violated the command of his father not to allow any third party to drive the involved vehicle. The District Judge dismissed the present action as to the insurer of A. C. Quarles, Employers Liability Assurance Corporation, because the tortious driving of the vehicle involved was without "the permission of the *named insured,*" i. e., A. C. Quarles, as required by the policy language. Appellant's policy, issued to Harry J. Phillips, insured a described automobile owned by him, and also covered the use of a non-owned automobile by him or,

> "any relative [such as his son, Harry J. Phillips, Jr, the tort feasor] but only with respect to a private passenger automobile or trailer, *provided the actual use thereof is with the permission of the owner.*"

Notwithstanding his holding that the Quarles policy was exonerated because young Phillips did not have the permission of A. C. Quarles, the *named insured* in the policy, the District Judge held that Gary Quarles, son of the owner of the Quarles automobile, was, for the purposes of coverage by the Phillips policy, also an *"owner"* of his father's automobile, and thus young Phillips was using the Quarles automobile "with the permission of the owner." We reverse.

■ The District Judge arrived at this ruling by first finding that the word "owner" as used in the appellant's policy issued to Phillips, Jr.'s, father was ambiguous, and then resolving this ambiguity by determining that the word "owner" included in this case the son of the owner—one having temporary possession of an automobile. The District Judge correctly recited the general rule that where an insurance policy is reasonably susceptible to two or more meanings, the ambiguity will be resolved in favor of the insured. Harkavy v. Phoenix Insur. Co., Tenn., 417 S.W.2d 542, 546 (1967); Alsup v. Travelers Ins. Co., 196 Tenn. 346, 353–354, 268 S.W.2d 90, 93 (1954); Monroe County Motor Co. v. Tennessee Odin Ins. Co., 33 Tenn.App. 223, 231 S.W.2d 386 (1950); 29 Am. Jur. Insurance § 258, at 640. This general rule, however, does not permit the creation of an ambiguity where, in the context of the use and application of a term, none exists. In re Estate of Clement, Tenn., 414 S.W.2d 644, 646 (1967); Harkavy v. Phoenix, supra, Tenn., 417 S.W.2d at 546; Standard Life Ins. Co. v. Hughes, 203 Tenn. 636, 641–642, 315 S.W.2d 239, 243 (1958); Brown v. Tenn. Auto Ins. Co., 192 Tenn. 60, 63, 237 S.W.2d 553, 555 (1951); 29 Am.Jur. Insurance § 260, at 644–645.

■ We are aware, too, of the rule that exceptions to and limitations upon the coverage otherwise provided by an insurance contract will be strictly construed against the insurer. 29 Am.Jur. Insurance § 264. See, e. g., Universal Life Ins. Co. v. Lillard, 190 Tenn. 111, 114, 228 S.W.2d 79, 80 (1950).

But application of such rule will not be read as overcoming plain language. Brown v. Tenn. Auto Ins. Co., supra, 192 Tenn., at 63, 237 S.W.2d at 554; Wallace v. State Farm Mut. Automobile Ins. Co., 187 Tenn. 692, 701, 216 S.W.2d 697, 700–701 (1949) (applying cancellation clause); Colley v. Pearl Assur. Co., 184 Tenn. 11, 16, 195 S.W.2d 15, 16–17 (1946); 29 Am.Jur. Insurance § 264. Cf. Gilchrist Transp. Co. v. Phenix Ins. Co., 170 F. 279, 282 (6th Cir. 1909).

We must consider then whether there may be found some fact, contract language, or other circumstance providing a context calling for construing the word "owner" to include *one who was not the owner,* but who was the son of the owner and had temporary possession of the involved vehicle. On the day in question, Gary Quarles was using an automobile owned by his father, A. C. Quarles. Two automobiles were titled

in the name of A. C. Quarles, a station wagon and a Ford. Gary had customarily driven the Ford, but on the day of the accident it was out of commission and he had been permitted to use his father's station wagon, subject to the father's requirement that Gary not let any third person drive it, except in case of emergency. Contrary to these directions, he did allow his friend, Harry J. Phillips, Jr., to drive the automobile.

■ Neither the above facts nor any provision of the appellant's policy, issued to Harry J. Phillips, Sr., provide a context for infecting the word "owner" with an ambiguity permitting its expansion to include one who was not the owner, but merely the son of the owner. The District Judge and the appellee in its brief to us cite authorities wherein it is said that the word "owner" may be ambiguous in some contexts involving automobile insurance policies, so as to include, with reference to motor vehicles, "not only absolute estates but also * * * estates less than absolute." Powell v. Home Indemnity Co., 343 F.2d 856, 859 (8th Cir. 1965); American Indemnity Co. v. Davis, 260 F.2d 440 (5th Cir. 1958). But the facts relied upon in those cases are not present here. Similarly, although the word "owner" may have a "wide variety of meanings depending on the context and the circumstances in which it is used," 73 C.J.S. Property § 13(a), we find nothing in the policy language or the present factual situation which renders the term ambiguous or susceptible of the meaning urged upon us by the appellee and found by the District Judge.

The cases of Jones v. Indiana Lumberman's Mutual Insurance Co., 161 So.2d 445 (La.Ct.App.1964) and Joseph R. Loftin, Jr. v. United Services Auto Ass'n., (Tenn.Ct.App., filed Jan. 19, 1967) (unreported decision) are the only cases presented to us or discovered by our research, which deal precisely with the meaning of the term "owner" in situations like the one before us. In both of these cases a son sought coverage under his parent's auto insurance policy for liability while driving the car of a third person, and in both cases permission to drive the automobile had been obtained from the son of its owner, but not the owner himself. In both instances the relevant clause in the policy required that the person be driving "with the permission of the owner," as in the instant case. The above courts denied coverage in this situation, giving effect to the plain meaning of the language of the policies. The Louisiana court reasoned as follows:

"Since in the instant case Martin was not driving 'with the consent of the owner' either express or implied, and since the mere presence of Rudolph in the car at the time of the accident is, in our opinion, immaterial, we must conform to the clear and unambiguous language of the policy, and hold that the policy does not afford coverage to Martin." 161 So.2d, at 448.

Review was denied by the Supreme Court of Louisiana, 245 La. 1077, 162 So.2d 572. The Tennessee Court of Appeals in the *Loftin* case affirmed the dismissal of the plaintiff's suit against two insurance companies situated as the Quarles and Phillips insurers herein, whose policies respectively covered the driver of an automobile involved in a collision when driven "with the permission of the owner." The following excerpt discloses the case's analogy to the one before us.

"At the time in question there was a policy of liability insurance issued by Commercial Standard Insurance Company which covered those persons driving the automobile with the permission of the owner. Loftin himself was covered by a policy of liability insurance, issued to his father by United Services Insurance Company, provided he was driving the unowned automobile with the permission of the owner."

Without discussing whether the word "owner" was ambiguous or could be extended to include the son of the owner,

the Tennessee Court of Appeals affirmed the dismissal of the suit as to both defendants.

The judgment of the District Court is reversed and the cause remanded for the entry of judgment for defendant-appellant.