[No. 661-41581-1.  Division One—Panel 1.  December 20, 1971.]

ROY SCALES et al., Respondents, v. SKAGIT COUNTY MEDICAL BUREAU et al., Appellants.

Alfred McBee, for appellants.

Welts & Welts and David A. Welts, for respondents.

UTTER, J.—Skagit County Medical Bureau appeals from a money judgment of $5,241.84 rendered against them and in

favor of Lena Scales, the injured party, and Roy Scales, her husband.

They assign error to findings of fact which attribute $2,500 of a $40,000 general verdict against one Larry Jones to property damage and $37,500 of that verdict to recovery for Mrs. Scales' injuries, representing her general and special damages. They further assign error to the court's finding that of the amount actually collected by the Scaleses, $2,000 was attributable to hospital and medical services; that Skagit owes, in addition, $5,241.84 on its coverage and to the conclusions of law and judgment entered accordingly.

Lena Scales and her husband are third party beneficiaries of a contract entered into between Skagit and Hornbeck Brothers Logging, Roy Scales' employer, by which Skagit agreed to pay certain medical and hospital expenses. Mrs. Scales was injured in an automobile accident caused by Jones' negligence and made a claim to Skagit for payment of her medical expenses pursuant to the contract, which claim was refused. Skagit has paid nothing on the medical claims to date.

The Scaleses then sued Jones and received a verdict of $40,000. Of the $40,000 verdict, the jury assessed damage for property damage at $2,500 and for all other damage at $37,500. The tort-feasor's insurance was limited, however, to $10,000 for bodily injury and $2,500 for property damage, which amounts were paid in their entirety. The court entered findings of fact, which are not contested, finding that the balance of the verdict in the amount of $27,500 is uncollectible. In findings of fact entered pursuant to an order to remand by this court to clarify earlier findings, the court indicated that he arrived at the sum attributable to hospital and medical services of $2,000 by taking the net recovery of $10,000 and dividing it into the amount awarded by the jury as general damages of $37,500 which was a recovery of 26.67 per cent on the dollar. Applying this percentage figure to the $7,241.84 found to be the extent of agreed coverage of Skagit resulted in a figure of $1,942.17 which

the trail court rounded off to $2,000. Two thousand dollars subtracted from the agreed coverage of $7,241.84 resulted in the figure of $5,241.84, the sum the trial court found to be owed by Skagit County Medical to the Scaleses.

Certain basic principles of construction must be applied to this case. The construction of an insurance policy should be a natural and reasonable one, fairly construed to effectuate its purpose, viewed in the light of common sense so as not to bring about an absurd result. It is a practical rather than a literal or technical construction which is deemed desirable. While courts protect against insurers' unjust claims and enforce regulations necessary for their protection, it must not be forgotten that the primary object of all insurance is to insure. A construction should be taken which will render the contract operative, rather than inoperative. 13 J. Appleman, Insurance, Law & Practice § 7386 (1943); *Lawrence v. Northwest Cas. Co.*, 50 Wn.2d 282, 311 P.2d 670 (1957); *Anderson & Middleton Lumber Co. v. Lumbermen's Mut. Cas. Co.*, 53 Wn.2d 404, 333 P.2d 938 (1959). As further noted in Appleman, at § 7401, p. 50, it has been almost the unanimous holding of all courts that insurance contracts must be liberally construed in favor of a policyholder or beneficiary thereof, whenever possible, and strictly construed against the insurer in order to afford the protection which the insured was endeavoring to secure when he applied for the insurance. Courts have felt that the language of insurance policies is selected by one of the parties alone and the language employed by that party should be construed against it. *Thompson v. Ezzell,* 61 Wn.2d 685, 379 P.2d 983 (1963); *Holter v. National Union Fire Ins. Co.*, 1 Wn. App. 46, 459 P.2d 61 (1969); *Myers v. Kitsap Physicians Serv.*, 78 Wn.2d 286, 474 P.2d 109 (1970).

Skagit first attacks that action of the court in apportioning the total judgment to reflect that $7,241.84 as awarded for medical expenses was equivalent to $2,000 of the $10,000 actually received by the Scaleses in collecting on the judgment. Skagit argues there is no authority in a contract

between the parties which would authorize apportionment of the Scaleses' recovery against the tort-feasor and that the court in this action where the Scaleses seek their money judgment against Skagit is therefore without authority to make such apportionment. We disagree.

Skagit does not contend the present fact pattern, whereby a general verdict covering damages claimed for medical expenses, as well as pain and suffering, would be collectible only in part, could not have reasonably been anticipated at the time the contract was drafted. They now claim, however, in effect, that because the Scaleses did not obtain special interrogatories in the trial of the tort-feasor on the various components of the damage issue, which would have segregated the amount awarded for medical expenses, the court is now powerless to make such an apportionment and that the insurance contract is, therefore, a nullity as between these parties. Counsel for Skagit candidly admits he can find no authority to sustain his position that the trial court does not have this power.

We do not believe the court is limited as Skagit argues on this issue.

█ Skagit drafted the very complex contract and could have required in the contract itself that an award against a third party be segregated as regards medical expenses. The contract did not require the Scaleses to so act and we will not declare a court without power to reasonably apportion the amount of medical expenses awarded in a general verdict, unless such action is specifically forbidden by the contract itself. Triers of the fact are allowed to determine what is reasonable in other areas of the law when it is clear the parties intended to create a valid contract, but the contract itself is silent regarding some matters important to its performance. *Merchants Bank of Canada v. Sims,* 122 Wash. 106, 209 P. 1113 (1922); 1 A. Corbin, Contracts § 96 (1963).

The action of the court in rounding off the figure of $1,942.17 to $2,000 penalizes the Scaleses. There is no cross-appeal by the Scaleses, however, and the action of the court will, therefore, stand.

Skagit also argues that the jury in the Jones case may well have awarded Mrs. Scales less than her total medical expenses or even nothing whatsoever, for them. As is pointed out by the Scaleses, if this is true then the Scaleses are entitled to recover that uncompensated portion of those expenses from Skagit by virtue of paragraph 6 of the contract which provides:

if the injured subscriber, his spouse or dependants are unable to recover for such services from the wrongdoer, the Corporation shall then supply such services as are provided herein.

Skagit next urges that if the Scaleses recovered any money identifiable as medical expenses, they have a lien on it or, alternately, if the recovery was general, that the Scaleses are obligated to pay them the total sum of their medical expenses of $7,241.84.

Two contract clauses are relevant to our determination of these claims. Paragraph 6 provides:

Should the subscriber * suffer personal injuries caused by the * wrongful conduct of another, the corporation (the appellant herein) shall not be liable for any of the services herein contracted to be supplied; provided, however, that if the injured subscriber * (be) unable to recover for such services from the wrongdoer, the corporation shall then supply such services *. Upon paying for such services the corporation shall then be subrogated to any claim which the injured subscriber * may have against such other causing the injury to the extent of the reasonable value of any such services so supplied, and any sum collected by, or paid to, the injured subscriber * whether by suit, settlement or otherwise, shall be subject to a lien in favor of the corporation in the amount that it shall have paid, and the subscriber * shall immediately upon receipt *, of any such sums from such third person, pay to the corporation the amount the corporation has paid or contracted to pay for such services so supplied.

Paragraph 8 provides:

Benefits shall not be provided under this contract for services to the extent that the patient receives benefits for the same services under any other group medical,

surgical, or hospital contract or plan, insurance policy, or recovery at law.

Skagit's contention that the Scaleses are obligated to pay them the total sum of their medical expenses from a general recovery is disposed of by the language of paragraph 8. Although the last sentence of paragraph 6 contains language which arguably could require the Scaleses to pay Skagit, from a general verdict, the total amount Skagit had contracted to pay, paragraph 8 states benefits, are not provided, except to the extent the Scaleses *received* benefits for the same services under a "recovery at law."

Scaleses point out that they *received* only to the extent they were actually able to recover on the general verdict. The trial court's apportionment of that verdict established the sum of $2,000 as the amount actually *received* by the Scaleses for the services Skagit had contracted to pay. A reasonable reading of paragraph 8 indicated to the Scaleses that the only deduction from costs of services Skagit had contracted to provide would be to the extent the Scaleses actually *received* benefits from a recovery at law. To the extent paragraph 8 is inconsistent with the language of paragraph 6, we resolve the ambiguity in favor of the Scaleses and uphold the trial court's interpretation that the Scaleses are liable to pay Skagit only the $2,000 they actually received that was apportioned to medical expenses.

Skagit's argument that the language of paragraph 6 allows them to be subrogated to "any claim which the injured subscriber . . . may have against such other causing the injury to the extent of the reasonable value of any such services so supplied" presupposes that, by the language of that very clause the corporation has supplied services. In this case, the corporation has not supplied services or paid any claims and no right of subrogation arises until the claim has been paid. Skagit's claim to a lien based upon the language of paragraph 6 also presupposes services have been supplied. They have not, in fact, been supplied and the claim for lien is likewise ineffective.

Skagit raises the question, however, that assuming the

judgment is affirmed and they pay the bill for medical services of $7,241.84 that they would then, by subrogation, acquire the Scaleses' rights against Jones given in the first part of paragraph 6 and have a lien given it in the second effective portion of paragraph 6.

This argument overlooks the language of paragraph 8 which, as earlier pointed out, limits Skagit's deductions from costs of services they have contracted to provide, only to the extent the Scaleses received the benefits from the recovery at law. The court has already determined that the amount Mrs. Scales received is $2,000 and Skagit has already been credited with that deduction from their total obligation, leaving them the remaining sum owing of $5,241.84, the amount awarded in the judgment of the court.

The judgment is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.