**REPUBLIC INSURANCE COMPANY, Appellant,**

v.

**Jimmy C. LUNA et al., Appellees.**

**No. 7681.**

Court of Civil Appeals of Texas, Beaumont.

March 27, 1975.

Rehearing Denied April 17, 1975.

Harlan Harper, Jr., Dallas, for appellant.

Geary, Brice, Barron & Stahl, Dallas, for appellees.

DIES, Chief Justice.

Appellant, Republic Insurance Company, issued an automobile liability policy to Jimmy C. Luna which provided coverage to him and his family while driving a non-owned vehicle if the permission of the owner was obtained or if the family member driving the non-owned vehicle reasonably believed that he had the permission of the owner of the automobile.

His son, Larry A. Luna, was driving a non-owned automobile when involved in a collision in January 1973.

Republic filed a declaratory judgment action seeking to be excused from defending Luna on the ground Luna did not have permission, nor could he reasonably believe he had permission from the owner to drive the car involved.

Trial was to a jury which answered in the negative to the following issue:

"Do you find from a preponderance of the evidence that when the collision in question occurred on or about January 14, 1973, Defendant Larry Luna did not reasonably believe that he was driving the vehicle in question with the permission of the owner, as that term is defined in this Charge?"

The court defined "owner" as "the party in whose name the Certificate of Title exists."

From a judgment contrary to the relief sought Republic brings this appeal contending in six points of error that the evidence was uncontroverted, that appellee Luna was not in compliance with the policy, and that the Jury's answer is not supported by evidence, or is contrary to the overwhelming weight and preponderance of the evidence.

The evidence is really not in material dispute. Edward Stacha, the certificate title owner, bought the automobile involved when his son, Edward Angus, graduated from high school as a graduation present for the boy to use. Edward Angus took it to college. While Stacha, senior, had advised his son not to allow anyone else to drive the automobile, the Luna boy had driven the automobile previous to the collision, and at those times, as well as the incident of the collision, with permission of young Stacha. Young Stacha had the sole management and control of the car at college and needed no parental permission before using it. Luna had no express permission from Stacha, senior, to use the car at the subject time, but he (Luna) thought it belonged to young Stacha.

The policy in question does not define "owner." This term has been stated to have no legal definition and may be synonymous with "holder" or "possessor." 73 C.J.S. *Property* § 13a (1951). See also *American Indemnity v. Davis*, 260 F.2d 440 (5th Cir. 1958); *Powell v. Home Indemnity Company*, 343 F.2d 856 (8th Cir. 1965); *Phillips v. Government Employees Insurance Company*, 258 F.Supp. 114 (E.D.Tenn. 1966). See also *Realty Trust Co. v. Chaddock*, 131 Tex. 88, 112 S.W.2d 440 (1938).

An insurance contract as this one requiring "permission of the owner" has been interpreted to include implied consent. See *Travelers Indemnity v. Employers Casualty Co.*, 474 S.W.2d 501 (Tex.Civ.App.—Waco 1971, no writ), which may be inferred from a course of conduct or relationship. *Royal Indemnity Company v. H. E. Abbott & Sons, Inc.*, 399 S.W.2d 343 (Tex.1966).

By putting the car at the unfettered use of the son, Stacha, senior, certainly created a situation where its use by Luna would be in the reasonable belief he had permission of the owner, whether he (Luna) believed Stacha, senior, or his son to be the owner. To hold otherwise would establish an unrealistic requirement that before a person's own insurance would extend to a non-owned automobile, he would have to examine the certificate of title of the non-owned car before using it.

All points of error are overruled.

The judgment of the trial court is AFFIRMED.